IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. STEPHEN ANTHONY SCOTT

**Circuit Court for Montgomery County
No. 40200176**

---

**No. M2004-00927-CCA-R3-CD - Filed July 18, 2005**

---

### ORDER

The appellant, Stephen Anthony Scott, has filed a petition for rehearing, pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure to have this Court reconsider its opinion previously filed in this case on June 7, 2005. Specifically, the appellant urges this Court to revisit its ruling that the trial court properly applied sentence enhancement to count seven of his convictions. In his petition, the appellant contends that this Court misconstrued or "overlooked" his argument, though he admits that his argument was inartfully drawn in his appellate brief, stating, "the issue is not as precisely stated as it should have been."

The grant or denial of a petition to rehear pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure remains solely in the discretion of this Court. In the interest of justice, we have carefully reconsidered our previous conclusion and the basis of the defendant's petition. Admittedly, the resolution of the issue in our opinion is conclusory, rather than explanatory. Nevertheless, after revisting the issue, this Court is of the opinion that the sentence in count seven of the case was properly affirmed.

In State v. Lavender, our supreme court stated, "If the facts which establish the elements of the offense charged also establish the enhancement factor, then the enhancement factor may not be used to increase punishment." 967 S.W.2d 803, 807 (Tenn. 1998) (citing State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994)). In count seven, the defendant was convicted of attempted robbery. Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401. "Criminal attempt is an offense directed at the individual whose intent is to commit an offense, but whose actions, while strongly corroborative of criminal intent, fail to achieve the criminal objective intended." Tenn. Code Ann. § 39-12-101, Sentencing Commission Comments. The appellant's argument fails because use of a firearm is not an essential element of the offense of attempted robbery. Similarly, lack of hesitation about committing a crime in which the risk to human life was high is not an essential element of this conviction.

Enhancement factor (17), the potential for bodily harm, is also not an essential element of attempted robbery. While this factor is potentially applicable to the offense of attempted robbery, the trial court apparently assigned no weight to the factor due to its imposition of factor (10), stating that factor (17) "would apply as to how this crime was committed, because he did, in fact, possess a weapon. So, redundant of number ten. So, ten and 17 really would go together." We agree that, in light of the other two applicable enhancement factors, the trial court's decision to forego weighing this factor against the defendant was appropriate.

Finally, we reject the defendant's argument that the consecutive sentencing adjudication was derivative of use of the gun. The language of enhancement factor (11) does coincide with a factor justifying consecutive sentencing for dangerous offenders. See Tenn. Code Ann. § 40-35-115(b)(4) ("The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high."). However, the trial court in this case justified consecutive sentencing upon additional wholly independent considerations: the severity of the offenses, the necessity of protecting society, because the offense was not "hatched on the spot," and upon the defendant's prior record.

For the stated reasons, we determine the petition to be without merit. As such, it is hereby ORDERED that the Petition for Rehearing is DENIED.

**PER CURIAM**
**J.C. McLIN, JUDGE**
**JOSEPH M. TIPTON, JUDGE**
**NORMA MCGEE OGLE, JUDGE**